# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FRANKIE GROENKE,<br><br>                  Petitioner,<br><br>v.<br><br>TIM HAINES,<br><br>                  Respondent. | Case No. 18-CV-795-JPS<br><br><br><br>**ORDER** |

On May 23, 2018, Petitioner Frankie Groenke ("Groenke") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his continued incarceration in the custody of the State of Wisconsin is a violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations,

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.[1]

In 1995, in Milwaukee County Circuit Court Case No. 1994CF944928, Groenke was convicted by a jury of one count of armed burglary, in violation of Wis. Stat. § 943.10(2), and two counts of armed robbery, in violation of Wis. Stat. § 943.32(2). He is presently serving a 35-year sentence for those crimes.

Groenke does not challenge his conviction or sentence. Instead, in his petition he argues that he is presently entitled to be released from imprisonment under Wis. Stat. § 302.11, the Wisconsin statute governing release onto parole. Groenke's primary claim is that his due-process rights have been violated because he was not released onto parole on his presumptive mandatory release date as established by Section 302.11.

Section 302.11 provides that a Wisconsin prisoner is entitled to mandatory release on parole upon serving two-thirds of his sentence. Wis. Stat. § 302.11(1). However, this "mandatory" release date is only presumptive for Wisconsin prisoners who have committed certain serious

---

[1]Groenke is incarcerated at the Prairie du Chien Correctional Institution in Prairie du Chien, Wisconsin, which lies within the territorial jurisdiction of the United States District Court for the Western District of Wisconsin. Although Groenke is presently confined outside the territorial jurisdiction of this Court, the Court nevertheless has jurisdiction over his petition pursuant to 28 U.S.C. § 2241(d), which provides that "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." Because Groenke was convicted and sentenced in Milwaukee County Circuit Court, which lies within this Court's territorial jurisdiction, this Court may hear and determine his petition.

felonies, including Groenke's armed burglary and armed robbery offenses. *Id.* § 302.11(1g)(a)(2), (1g)(am).[2] The presumption in favor of parole can be overcome if the Wisconsin Parole Commission, after reviewing the prisoner's circumstances, finds that continued incarceration is needed for "protection of the public" or because the inmate has refused to participate in necessary counseling or treatment. *Id.* § 302.11(1g)(b). An inmate aggrieved by the denial of presumptive mandatory release can challenge the parole commission's decision through the common law writ of certiorari. *Id.* § 302.11(1g)(d).

In Groenke's case, the parole commission held a hearing on January 23, 2018, in advance of his presumptive mandatory release date of March 26, 2018. (Docket #1 at 6–7). At the hearing, the commission determined that he should not be released out of a need to protect the public. *Id.* According to the commission, Groenke did not have a satisfactory "release plan" and had a "poor history on community supervision" in connection with prior juvenile offenses. *Id.* Additionally, the commission determined that Groenke needed to complete a "criminal thinking program" before he could be released. *Id.* Groenke disputes the need for the behavioral program and the accuracy of the commission's assessment of his prospects on release. *Id.*; *see also* (Docket #2 at 2–4); (Docket #2-1).

Groenke was not entitled to any due-process protections when he was denied parole, because under Wisconsin law he does not have an entitlement to release on his presumptive mandatory release date. First, there is no general constitutional right to parole. *Greenholtz v. Inmates of*

---

[2]The presumptive mandatory release provision, Wis. Stat. § 302.11(1g)(am), only applies to offenses committed on or after April 21, 1994. Groenke does not say when he committed the offenses for which he is presently incarcerated, but he concedes that he is subject to the presumptive mandatory release provision. (Docket #2 at 1).

*Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Second, a state may, but need not, create a liberty interest protected by the Fourteenth Amendment by establishing an entitlement to parole based on certain criteria. *Thompson v. Veach*, 501 F.3d 832, 836 (7th Cir. 2007).

Wisconsin has not done so for offenders like Groenke who have committed qualifying serious felonies. *Pettigrew v. Raemisch*, 295 F. App'x 830, 832 (7th Cir. 2008); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). Such offenders are only presumptively entitled to parole on the date set by Section 302.11. Because parole is never guaranteed, Groenke and those like him must rely on the discretion of the parole commission. *State ex rel. Gendrich v. Litscher*, 632 N.W.2d 878, 883 (Wis. 2001) (finding no protectible liberty interest for inmate falling within presumptive mandatory parole scheme); *Kendrick v. Hamblin*, 606 F. App'x 835, 838 (7th Cir. 2015) (same). Thus, regardless of the accuracy or fairness of the parole commission's decision-making, Groenke has no liberty interest in being considered for parole and cannot base a due-process claim on being denied parole.

The Court also rejects Groenke's other claim, that Wis. Stat. § 302.11 is void for vagueness because it permits denial of parole based on "protection of the public." Wis. Stat. § 302.11(1g)(b)(1); (Docket #1 at 7); (Docket #2 at 7–9). "The void for vagueness doctrine rests on the basic due process principle that a law is unconstitutional if its prohibitions are not clearly defined." *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012). Due process, however, does not demand "perfect clarity and precise guidance." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989). Instead, "a statute is only unconstitutionally vague 'if it fails to define [an] offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and it fails to establish standards to permit

enforcement in a nonarbitrary, nondiscriminatory manner.'" *Hegwood*, 676 F.3d at 603 (quoting *Fuller ex rel. Fuller v. Decatur Public Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 666 (7th Cir. 2001)).

At the outset, Groenke's vagueness challenge fails because he is not attacking a penal statute. *Skilling v. United States*, 561 U.S. 358, 402 (2010); *Sherman ex rel. Sherman v. Koch*, 623 F.3d 501, 520 (7th Cir. 2010). The point of a vagueness challenge is to protect the public from arbitrary enforcement of the law by providing fair notice of prohibited conduct. *Colautti v. Franklin*, 438 U.S. 379, 390 (1979). The statute at issue here describes the protocol for determining whether an inmate will be released onto parole. It does not proscribe or prescribe any particular conduct. The vagueness framework simply does not fit. *See United States v. Scylla*, 790 F.3d 772, 775–76 (7th Cir. 2015).

Even if the Court attempted to apply the vagueness doctrine to Section 302.11(1g)(b)(1), the claim would necessarily fail. In the Fourteenth Amendment context, a vagueness challenge "is evaluated as-applied, rather than facially." *United States v. Calimlim*, 538 F.3d 706, 710 (7th Cir. 2008). Consequently, the question is whether the phrase "protection of the public" as applied to Groenke was sufficiently clear.

No doubt it was. The commission identified several discrete problem areas for Groenke's rehabilitation, including poor performance on supervision as a juvenile, a long criminal history, severe and dangerous underlying offenses, numerous instances of misconduct while incarcerated, a need to review and approve his planned living arrangements upon release, and a need to complete a cognitive-behavioral program before release. (Docket #2-1 at 1–2). As applied to Groenke, it is clear that the phrase "protection of the public" was sufficiently confined to

those considerations bearing on the safety of the public and the prospect of Groenke becoming a self-supporting, contributing member of society. *See George v. Drankiewicz*, 909 N.W.2d 209, 2017 WL 6026754, at *2 (Wis. Ct. App. 2017) (analyzing commission's decision to deny parole based on "protection of the public"). The question is not whether the commission was correct in these conclusions; it is instead whether Groenke had sufficient notice that such things could be considered in deciding whether to grant him parole. Evaluated through the appropriate legal framework, Groenke's vagueness challenge takes him nowhere.

Because Groenke presents no colorable constitutional claims, his petition must be dismissed. *Ray*, 700 F.3d at 996 n.1.[3] Under Rule 11(a) of

---

[3] Even if Groenke's claims had potential merit, they could not proceed at present, as he has not fully exhausted his state remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004).

Groenke contends that because he cannot challenge the parole commission's decision through an inmate grievance at his institution, there are no state remedies for him to exhaust prior to filing the instant petition. (Docket #2 at 1). He is wrong. Wis. Stat. § 302.11(1g)(d) expressly provides inmates a right to petition a Wisconsin state court for a writ of certiorari in order to challenge the parole commission's denial of release. Groenke apparently made no attempt to do so; indeed, he at times cites the legal standards governing a Wisconsin writ of certiorari to this Court, as though this Court would be the one to issue such a writ. (Docket #2 at 4–5). Because state law gives him an avenue for redress in state court, Groenke must first fully exhaust that process before he can ask a federal court for relief. *Schessler v. Kemper*, No. 14–C–25, 2014 WL 2110023, at *2 (E.D. Wis. May 20, 2014); *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). However, because his claims are undoubtedly without merit, the Court dismisses them on that basis.

the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Groenke must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In this case, no reasonable jurists could debate whether Groenke's claims have colorable merit. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Groenke may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable

time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge